UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NORRIS DAJON MILLER, | Case No. CV 17-2969 SJO (SS) |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| LILY KEENAN, | **DISMISSING COMPLAINT WITH LEAVE** |
| Defendant. | **TO AMEND** |

**I.**

**INTRODUCTION**

On April 19, 2017, Norris Dajon Miller ("Plaintiff"), a California state prisoner proceeding pro se, filed a civil rights complaint pursuant 42 U.S.C. § 1983 ("Complaint"). Plaintiff summarily alleges that Deputy District Attorney Lily Keenan is liable for malicious prosecution and false imprisonment in violation of his Sixth and Fourteenth Amendment rights. (Id. at 6) (continuous pagination).

\\

\\

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1]

**II.**

**ALLEGATIONS OF THE COMPLAINT**

The only Defendant sued in this matter is Deputy District Attorney Keenan. (Complaint at 4). Keenan is sued in her individual capacity only. (Id. at 3).

Plaintiff was tried on six criminal charges in state court. (Id. at 10-13). The jury convicted Plaintiff of three counts of assault and one count of resisting an executive officer, but acquitted him of one count of attempted robbery of one of the assault victims and another count of resisting a different executive officer. (Id. at 10-11).

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

The Complaint summarily alleges that Keenan "falsely accused [Plaintiff] of crimes that [he] did not commit" in reference to the two counts that resulted in acquittals. (Id. at 3; see also id. at 4 ("See the attached proof and evidence underlined from my jury trial transcripts saying I was found not guilty on two counts.")). Plaintiff further claims that he was wrongfully held in jail pending trial on those two counts for four months and nineteen days. (Id. at 5). Plaintiff seeks $46,700,000 in monetary damages for the "emotional stress, heartache, pain and suffering, [and] false imprisonment" caused by being accused of the two crimes of which he was acquitted. (Id. at 5).

### III.

### DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to pleading defects. However, the Court must grant a pro se litigant leave to amend his defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). For the reasons discussed below, it is not "absolutely clear" that at least some of the defects of Plaintiff's Complaint could not be cured by amendment. While it is far from certain that Plaintiff will be able to allege facts sufficient to support even one of his claims, due to his pro se status, the Court will DISMISS the Complaint with leave to amend.

3

**A.   The Complaint Fails To State A Claim For Malicious Prosecution**

A claim of malicious prosecution is generally not cognizable under section 1983 if process is available within the state judicial system to provide a remedy. See Lacey v. Maricopa Cnty., 693 F.3d 896, 919 (9th Cir. 2012). California law recognizes the common law tort of malicious prosecution, although such claims are "disfavored." Zamos v. Stroud, 32 Cal. 4th 958, 966 (2004). To state a claim for malicious prosecution under California law, "a plaintiff must demonstrate that the prior action (1) was initiated by or at the direction of the defendant and legally terminated in the plaintiff's favor, (2) was brought without probable cause, and (3) was initiated with malice." Seibel v. Mittlesteadt, 41 Cal. 4th 735, 740 (2007); see also Casa Herrera, Inc. v. Beydoun, 32 Cal. 4th 336, 341 (2004) (standard applies to underlying prosecution of either a criminal or civil matter); Van Audenhove v. Perry, 11 Cal. App. 5th 915, 919 (2017) (quoting Casa Herrera). Malicious prosecution is also actionable under state law where the defendant "continu[es] to prosecute a lawsuit discovered to lack probable cause." Zamos, 32 Cal. 4th at 970. "If a plaintiff cannot establish any one of these three elements, its malicious prosecution action will fail." Staffpro, Inc. v. Elite Show Servs., Inc., 136 Cal. App. 4th 1392, 1398 (2006).

Although malicious prosecution is fundamentally a state law tort, the Ninth Circuit has determined that a civil rights plaintiff may bring a claim for malicious prosecution under section 1983 when certain conditions are met. To state a federal claim

4

for malicious prosecution, in addition to alleging the elements of a state law claim, a plaintiff must establish that the prosecution was conducted "for the purpose of denying [the accused] equal protection or another specific constitutional right.'" <u>Lacey</u>, 693 F.3d at 919 (quoting <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1189 (9th Cir. 1995)).  In such instances, malicious prosecution actions "are not limited to suits against prosecutors but may [also] be brought . . . against other persons who have wrongfully caused the charges to be filed."  <u>Awabdy v. City of Adelanto</u>, 368 F.3d 1062, 1066 (9th Cir. 2004).

The "favorable termination" element of a malicious prosecution claim requires that the termination of the underlying action "reflect the merits of the action <u>and the plaintiff's innocence of the misconduct alleged in the lawsuit</u>."  <u>Staffpro</u>, 136 Cal. App. 4th at 1399 (emphasis in original; internal quotation marks and citation omitted).  "Termination of the prior proceeding is not necessarily favorable simply because the party prevailed in the prior proceeding; the termination must relate to the merits of the action by reflecting either on the innocence of or lack of responsibility for the misconduct alleged against him."  <u>Sagonowsky v. More</u>, 64 Cal. App. 4th 122, 128 (1998).  "If the resolution of the underlying litigation 'leaves some doubt as to the defendant's innocence or liability[, it] is <u>not</u> a favorable termination, and bars that party from bringing a malicious prosecution action against the underlying plaintiff.'"  <u>Staffpro</u>, 136 Cal. App. 4th at 1399-1400 (quoting <u>Eells v. Rosenblum,</u> 36 Cal. App. 4th 1848, 1855 (1995) (alteration and emphasis in original)); <u>see also</u> <u>Womack</u>

5

v. Cnty. of Amador, 551 F. Supp. 2d 1017 (E.D. Cal. 2008) (granting defendant's motion for summary judgment in malicious prosecution action where dismissal of underlying criminal charges "in the interest of justice" "left some doubt" about the suspect's factual innocence and thus did not constitute a "favorable termination"); Peinado v. City and Cnty. of San Francisco, 2014 WL 6693837, at *4-5 (N.D. Cal. Nov. 26, 2014) (same).

To determine whether there was a "favorable termination," California courts "look at the judgment as a whole in the prior action." Casa Herrera, 32 Cal. 4th at 341 (internal quotation marks and citation omitted). As one court explained,

> [F]or purposes of determining favorable termination, "[t]he court in the action for malicious prosecution will not make a separate investigation and retry each separate allegation without reference to the result of the previous suit as a whole . . . ." [Crowley v. Katleman, 8 Cal. 4th 666, 684 (1994) (en banc).] Instead, consideration should be given to the judgment as a whole" as it is "the decree of judgment itself in the former action [that] is the criterion by which to determine who was the successful party in such proceeding." [Id. at 685].

Staffpro, 136 Cal. App. 4th at 1403. Accordingly, where a plaintiff in a malicious prosecution action prevailed on only "some, but not all, of the causes of action asserted against it in the complaint

6

in the underlying litigation," the plaintiff "cannot establish favorable termination and is consequently precluded from maintaining a subsequent malicious prosecution action." Id. at 1394. Several courts have emphasized that while the "probable cause" element of a malicious prosecution action may be met where only one of the claims in the underlying litigation lacked probable cause, the "favorable termination" element requires that "there must first be favorable termination of the entire action.'" Dalany v. American Pacific Holding Corp., 42 Cal. App. 4th 822, 829 (1996) (quoting Crowley, 8 Cal. 4th at 686 (emphasis in original)); see also Staffpro, 136 Cal. App. 4th at 1402-03 (the severability analysis applicable to the probable cause element "is inapplicable to the favorable termination element of the malicious prosecution tort").[2]

Courts in this circuit have generally adopted California's "whole judgment" rule when analyzing the favorable termination element of a section 1983 malicious prosecution claim. For

---

[2] The Staffpro court acknowledged that a "handful of published opinions of the California Courts of Appeal apply severability analysis to determine the favorable termination element of the tort of malicious prosecution." Staffpro, 136 Cal. App. 4th at 1403. These cases suggest that "favorable termination" may exist where a charge on which a defendant is acquitted is "severable" from a charge on which the defendant was convicted in the same proceeding. See id. at 1404 (discussing, inter alia, Sierra Club Foundation v. Graham, 72 Cal. App. 4th 1135 (1999) and Paramount General Hospital Co. v. Jay, 213 Cal. App. 3d 360 (1989)). However, the Staffpro court noted that all but one of those decisions were decided before the California Supreme Court affirmed the "judgment as a whole" rule of "favorable termination" in Crowley. As to Sierra Club, the one post-Crowley case adopting a severability analysis with respect to favorable termination, the Staffpro court rejected that court's analysis as flawed. Id. at 1403-04.

7

example, in Whitmore v. Cnty. of Los Angeles, 2010 WL 11530651 (C.D. Cal. Aug. 9, 2010), affirmed 473 Fed. App'x 575 (9th Cir. 2012), the malicious prosecution plaintiff had been charged in an underlying criminal action with attempted murder of a police officer, assault upon a peace officer, attempted firearm removal, taking a firearm or weapon while resisting a peace officer, and obstructing or resisting a peace officer. Id. at *8. At trial, plaintiff was acquitted on "the more serious charges," but was found guilty of "resisting arrest, a felony count of battery with injury to a peace officer, and leaving the scene of an accident." Id. The court concluded on summary judgment that the malicious prosecution claim failed because plaintiff's acquittal on certain counts did not necessarily show plaintiff's actual "innocence" of the crimes with which he was charged. Id. In particular, the court found that plaintiff's underlying conviction for battery with injury of a peace officer, coupled with evidence showing that plaintiff had "bashed" the officer's head into the pavement at least twice, outweighed the officer by 110 pounds, and had threatened to kill the officer, indicated that despite plaintiff's acquittals on some counts, the resolution of his criminal trial left "some doubt" as to his guilt. Id. As such, plaintiff failed to establish a triable issue as to whether there was a favorable termination of the underlying action for purposes of his malicious prosecution claim. Id.

In a number of recent unpublished cases, the Ninth Circuit has adhered to a very strict application of the "judgment as a whole" rule in malicious prosecution cases involving mixed

8

underlying criminal verdicts. These cases include the Ninth Circuit's affirmance of the decision in the Whitmore case discussed above. See Whitmore, 473 Fed. App'x. 575 at *1 ("[C]onsidering Whitmore's criminal 'judgment as a whole,' Whitmore did not receive a favorable outcome."); see also Cairns v. Cnty. of El Dorado, 2017 WL 3049577, at *1 (9th Cir. July 19, 2017) (unpublished) ("Because Kevin Cairns was convicted of disturbing the peace in the same action in which he was acquitted of four other offenses, he cannot demonstrate that he was successful in the entire criminal action. The malicious prosecution claim therefore fails as a matter of law.") (emphasis in original; internal citations omitted); Rezek v. City of Tustin, 2017 WL 1055648, at *2 (9th Cir. Mar. 21, 2017) (unpublished) (affirming grant of summary judgment for defendants where the malicious prosecution plaintiff "was convicted of vandalism in the same action in which he was acquitted of resisting arrest," and thus could not demonstrate that the underlying trial was resolved in his favor in the context of the judgment as a whole).

Here, documents submitted by Plaintiff with his Complaint establish that Plaintiff was charged with six counts and convicted on four. Furthermore, although the Complaint is devoid of detail about the underlying prosecution, it appears that the charges may have arisen from the same course of action, which further calls into question whether Plaintiff was indeed "factually" innocent even of the two charges on which he was acquitted. See Poppell v. City of San Diego, 149 F.3d 951, 963 (9th Cir. 1998) ("An acquittal, however, reveals very little -- if anything -- about whether the

charges were procured with malice. Any number of innocent factors can contribute to an acquittal, including the high burden of proof."). The fact that Plaintiff was convicted on four counts in the same proceeding that he now challenges indicates, when the judgment is viewed as a whole, that Plaintiff did not receive a "favorable termination" of the underlying prosecution. He therefore has failed to show, and seemingly will continue to be unable to plead or prove, an essential element of this claim. However, out of an abundance of caution, the Court will allow Plaintiff one final opportunity to attempt to plead a claim for malicious prosecution upon a showing that despite his convictions, the underlying action resolved in his favor. Plaintiff is strongly cautioned that he may not plead claims for which he has no factual or legal basis.[3]

**B.     The Complaint Fails To State A Claim For False Imprisonment**

In his request for relief, Plaintiff seeks monetary damages from Keenan for "false imprisonment," although he does not explain why or how he believes that Keenan is liable for his pretrial

---

[3] Plaintiff's malicious prosecution claim against Keenan suffers from other pleading defects as well. Even if the claim could somehow survive the "judgment as a whole" rule applying to the favorable termination element, which appears unlikely, it may still be barred by the doctrine of absolute prosecutorial immunity, depending on the nature of the acts that Plaintiff believes Kennan committed, as discussed in more detail in connection with Plaintiff's false imprisonment claim below. Furthermore, the Complaint does not allege any facts showing that the prosecution conducted was for the purpose of denying Plaintiff equal protection or some other constitutional right, as required for a section 1983 malicious prosecution claim. Lacey, 693 F.3d at 919.

10

detention. Plaintiff is cautioned that "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted -- indeed, for every suspect released," which it does not. Baker v. McCollan, 443 U.S. 137, 145 (1979). Furthermore, depending on the nature of the acts Plaintiff believes Keenan committed, Keenan may be protected by the doctrine of absolute prosecutorial immunity.

The pleading requirements for false imprisonment are "quite different" from those for malicious prosecution. A claim for false imprisonment not require the plaintiff to allege favorable termination of a criminal prosecution or malice. Instead, "[t]o prevail on his § 1983 claim for false arrest and imprisonment, [a plaintiff] would have to demonstrate that there was no probable cause to arrest him." Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998). A plaintiff may also base a due process claim on his "'constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release.'" See Lee v. City of Los Angeles, 250 F.3d 668, 683 (9th Cir. 2001) (internal quotation marks and citation omitted).

However, the doctrine of "[p]rosecutorial immunity applies to § 1983 claims" and bars claims against prosecutors for certain acts taken in the course of a criminal prosecution. Garmon v. Cnty. of Los Angeles, 828 F.3d 837, 842 (9th Cir. 2016). In particular, "State prosecutors are absolutely immune from § 1983 actions when

performing functions 'intimately associated with the judicial phase of the criminal process,' [Imbler v. Pachtman, 424 U.S. 409, 430 (1976)], or, phrased differently, 'when performing the traditional functions of an advocate.'" Garmon, 828 F.3d at 843 (quoting Kalina v. Fletcher, 522 U.S. 118, 131 (1997)).

Accordingly, a prosecutor is absolutely immune from suit for "'initiating a prosecution' and 'presenting a state's case,' and during 'professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . after a decision to seek an indictment has been made.'" Garmon, 828 F.3d at 843 (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)); see also Milstein v. Cooley, 257 F.3d 1004, 1012 (9th Cir. 2001) ("Initiating a prosecution has consistently been identified as a function within a prosecutor's role as an advocate."); Mishler v. Clift, 191 F.3d 998, 1008 (9th Cir. 1999) ("Filing charges and initiating prosecution are functions that are integral to a prosecutor's work."). A prosecutor is also protected by absolute immunity in the "preparation of an arrest warrant," during "appearances before a grand jury," "in a probable cause hearing," and at trial. Lacey, 693 F.3d at 933 (citing cases); see also Milstein, 257 F.3d at 1012 ("Appearing in court to argue a motion is a quintessential act of advocacy.").

Absolute immunity applies even if it "'leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" Genzler v. Longanbach, 410 F.3d 630, 637 (9th Cir. 2005) (quoting Imbler,

12

424 U.S. at 432). However, prosecutors are entitled only to "qualified immunity, rather than absolute immunity, when they perform administrative functions, or 'investigative functions normally performed by a detective or police officer.'" Genzler, 410 F.3d at 636 (quoting Kalina, 522 U.S. at 126).

Courts look to the "nature of the function performed" when determining if a prosecutor's actions are those of an advocate, which are protected by absolute immunity, or of an administrator or investigator, which are not. Garmon, 828 F.3d at 843 (quoting Buckley, 509 U.S. at 269). For example, "decisions to hire, promote, transfer and terminate" employees, "which do not affect the prosecutor's role in any particular matter," are generally deemed administrative functions not protected by absolute immunity. Lacey, 693 F.3d at 931. Similarly, "[a]bsolute immunity does not apply when a prosecutor 'gives advice to police during a criminal investigation,' 'makes statements to the press,' or 'acts as a complaining witness in support of a[n arrest] warrant application.'" Garmon, 828 F.3d at 843 (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009) (brackets in original)); see also Milstein, 257 F.3d at 1101 (filing a false crime report is not protected by absolute immunity). Absolute immunity also does not apply if a prosecutor knowingly fabricates evidence by soliciting falsehoods from others, such as by obtaining false statements from purported witnesses or "shopping for a dubious expert opinion." Id.
\\
\\

Plaintiff's false imprisonment claim lacks sufficient detail for the Court to determine the role Keenan played, if any, in Plaintiff's arrest and/or continued pre-trial detention. If the basis for the false imprisonment claim is simply that Keenan decided to file criminal charges in reliance on evidence provided by the police, the filing decision would appear to be protected from suit by absolute immunity. However, if Plaintiff is able to allege facts showing, for example, that Keenan simply "advised" police to arrest him on false pretenses, or knowingly fabricated or solicited false evidence to keep him in custody prior to trial, such acts may not be protected by absolute immunity. Plaintiff is cautioned that he must have a factual basis for any allegation in support of his claims. With that advisement, the Complaint is dismissed, with leave to amend.

## IV.

## CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this

action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. **<u>It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation</u>. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudices for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that is he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure</u>**
\\

15

**41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: August 22, 2017

                                                             /S/
                                      SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE